# EXHIBIT C

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between JAMES BERMAN, TRUSTEE (the "Trustee) OF THE ESTATES OF MICHAEL S. GOLDBERG and MICHAEL S. GOLDBERG, LLC (collectively the "Debtors") and MICHAEL PACE ("Pace") as of the Effective Date shown below:

WHEREAS, on November 18, 2009 (the "Petition Date"), certain petitioning creditors filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against each of the Debtors in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court");

WHEREAS, on November 24, 2009, the Bankruptcy Court entered the Order for Relief in the Debtors' cases (the "Bankruptcy Cases"), which cases are pending in the Bankruptcy Court;

WHEREAS, by Orders dated January 11, 2010, the Bankruptcy Court confirmed the election of James Berman as Chapter 7 Trustee in the Bankruptcy Cases;

WHEREAS, the Trustee has commenced an adversary proceeding in the Bankruptcy Court against Pace seeking to recover from Pace the sum of $132,640.00 (Adversary Proceeding No. 10-02140)(the "Adversary Proceeding");

WHEREAS, the Adversary Proceeding is pending;

WHEREAS, Pace has denied the Trustee's allegations and asserts affirmative defenses to the Trustee's claims;

WHEREAS, Pace and the Trustee wish to avoid the expense, delay and uncertainty of further litigation;

**WHEREAS,** Pace and the Trustee have determined that it is in their respective best interests to settle the Trustee's claims against Pace on the terms and conditions set forth herein;

**NOW, THEREFORE,** in consideration of the mutual covenants and agreements set forth herein, and based upon the accuracy and truth of the representations made by Pace to the Trustee, and with the intent to be legally bound, it is agreed between the undersigned as follows:

## 1.    Payment Terms

In full and final settlement of the Trustee's claims against Pace, Pace shall pay to the Trustee $90,000.00 (the "Payment"). The Payment shall be in the form of a bank or certified check payable to James Berman, Trustee of the Estate of Michael S. Goldberg, LLC. The Payment shall be made within fourteen days after the Effective Date (as defined below). Pace expressly waives any claims that he may have against the Estate, including any claim under 11 U.S.C. § 502(h).

## 2.    Pace's Representations

This Settlement is being entered into based upon Pace's express representations that: (1) he was never actually aware that the Goldberg Scheme was a Ponzi scheme prior to the Petition Date; (2) he never received any payment or commission in return for persuading any other investor to invest in the Goldberg Scheme; (3) he received no money or other compensation or property, directly or indirectly, from the Goldberg Scheme, except as set forth on Exhibit A; and (4) that he had no knowledge concerning any fact which would have placed him on inquiry notice that the Goldberg Scheme was a Ponzi scheme, other than the rates of return paid under the Goldberg Scheme. Pace further represents that no entity owned or controlled by him and no family member or Pace insider as defined in 11 U.S.C. § 101(31) has received any payment or benefit, directly or indirectly, from the Goldberg Scheme except as set

2

forth on Exhibit A.   If, at any time, any of these representations are determined by the

Bankruptcy Court, after notice and a hearing, to be materially false, the release set forth in

Paragraph 3 shall be null and void.

**3.      Trustee's Release of Pace**

In consideration of the payment of the Returned Funds, the Trustee hereby expressly

releases any and all claims that he may have against Pace, and Pace's heirs, devisees and assigns

(collectively, "Releasees") relating to his investment in the Goldberg Scheme, including any and

all actions, causes of action, rights, claims, costs, liabilities, damages, losses, expenses, suits,

debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts,

controversies, agreements, promises, variances, trespasses, judgments, expenses, executions,

compensation, or demands whatsoever against said Releasees, the Trustee ever had, now has or

which he shall or may have in connection with the transactions set forth on Exhibit A.

**4.      Bankruptcy Court Approval**

The parties agree that this Settlement Agreement and the release herein, being full and

final, except for a breach of Pace's representations, is subject to approval of the United States

Bankruptcy Court and the Trustee shall promptly submit this Settlement Agreement for such

approval pursuant to a Motion to Compromise the Trustee's claims against Pace under Rule 9019

of the Federal Rules of Bankruptcy Procedure.   In the event the Bankruptcy Court does not

approve this Settlement Agreement, this Agreement and all provisions herein shall be null and

void.

5.     **Voluntary Dismissal**

Upon receipt of the payment set forth in paragraph 1, and after passage of the Effective

Date, the parties shall voluntarily dismiss the Adversary Proceeding by filing a Stipulation of

Voluntary Dismissal, with prejudice.

6.     **Other Provisions**

A.     **Governing Law**.   The validity, effect and construction of this Settlement

Agreement and any obligations undertaken pursuant hereto, and any dispute relating or arising

from the negotiation and execution of this Settlement Agreement, shall be governed by the laws

of the State of Connecticut, without regard to the conflicts of laws provisions.  The Trustee and

Pace consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District

of Connecticut to adjudicate any dispute arising under or related to this Agreement.

B.     **Breach**.   The parties understand, acknowledge and agree that this Settlement

Agreement may be used as evidence in any subsequent action or proceeding in which either

party alleges a breach of this Settlement Agreement or asserts any claims inconsistent with its

terms.  In the event a party breaches this Settlement Agreement, the party successful in enforcing

this Settlement Agreement shall be entitled to all costs of collection including, but not limited to,

reasonable attorney's fees.

C.     **Attorney's Fees, Costs and Expenses**.   The parties shall each bear all of their

own attorney's fees, costs and expenses incurred in the negotiation and execution of this

Agreement.

D.     **Consultation with Counsel**.   Pace acknowledges that he has consulted with

Attorney David Shaiken, Esquire in connection with this Settlement Agreement.  Pace hereby

4

acknowledges that he has not received or relied upon any advice, legal or otherwise, of the Trustee or his counsel in entering into this Settlement Agreement.

     **E.**    **Counterparts**.  This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original.

     **F.**    **Titles**.  The titles of the paragraphs of this Settlement Agreement are inserted for convenience only and shall not affect the meaning or construction of any of the terms of this Agreement.

     **G.**    **Entire Settlement Agreement and Amendment**.  The parties understand, acknowledge and agree that this Settlement Agreement contains and constitutes the entire Agreement and understanding among the parties, that no other representation, promise or covenant of any kind has been made to induce or cause any of the parties to execute the Settlement Agreement, and that all the understandings and agreements of the parties are embodied and expressed herein.  The parties also agree that this Settlement Agreement may not be amended, except in a writing signed by each and every one of the parties to this Settlement Agreement.

     **H.**    **Effective Date**.   This Settlement Agreement shall not be effective until the "Effective Date", which shall be the date on which following shall have occurred: (i) the Bankruptcy Court shall have entered an order approving this Settlement Agreement (**the "Approval Order"**) after notice to creditors and a hearing, (ii) the appeal period shall have passed, and (iii) any appeals of the Approval Order shall have been finally resolved. This Settlement Agreement and the compromise reflected herein, once effective, shall remain effective, enforceable and binding on all parties notwithstanding the dismissal or conversion of the Bankruptcy Case to another Chapter of Title 11.

I.      **Waiver**. The failure of any party to insist upon strict adherence to any term of this Settlement Agreement on any occasion shall not be considered a waiver thereof or deprive that party of the right thereafter to insist upon strict adherence to that term of any other term of this Agreement.

J.      **No Admission**. This Settlement Agreement is not an admission of liability by any of the parties and shall not be construed as such in any subsequent proceeding.

6.      **Assignment of Claims**

As further consideration for this Agreement with the Trustee, Pace hereby irrevocably assigns to the Trustee any and all Claims as such term is defined in Section 101(5) of the Bankruptcy Code of any kind whatsoever that he may have concerning or in connection with the Goldberg Scheme against any parties other than the parties to this Agreement, including but not limited for all causes of action against third parties for any loss, expense or damage suffered by Pace in connection with the Goldberg Scheme. Pace agrees that, if necessary, he will cooperate in the proceeding of such claims, including executing a separate assignment as and when necessary. This assignment is conditioned only upon the approval of this Agreement by the Bankruptcy Court.

**IN WITNESS WHEREOF**, the parties hereto, intending to be legally bound, have duly

executed this Settlement Agreement in multiple originals as of the last date shown below.

DATE: _____, 2011     JAMES BERMAN, TRUSTEE OF THE ESTATES
                                 OF MICHAEL S. GOLDBERG AND
                                 MICHAEL S. GOLDBERG, LLC

                                 _____
                                 James Berman, Trustee

DATE: _____, 2011     _____
                                 Michael Pace

7

# Exhibit A

2/11/2011

Michael Pace

| Account | Date | Description | ck# | Debit (Withdrawal) | Credit (Deposit) |
|---------|------|-------------|-----|--------------------|-----------------|
| WEB_4959 | 7/11/2006 | Michael & Colleen Pace | | | 50,000.00 |
| WEB_4959 | 10/20/2006 | Michael & Colleen Pace | | (10,000.00) | |
| WEB_4959 | 1/24/2007 | Michael & Colleen Pace | | (10,000.00) | |
| WEB_4959 | 4/19/2007 | Michael & Colleen Pace | | (10,000.00) | |
| WEB_4959 | 7/19/2007 | Michael & Colleen Pace | | (10,000.00) | |
| WEB_4959 | 2/4/2008 | Michael & Colleen Pace | | (12,000.00) | |
| WEB_4959 | 7/28/2008 | Michael & Colleen Pace | 1146 | (14,400.00) | |
| BoA_0188 | 8/8/2008 | Michael & Colleen Pace | | | 18,000.00 * |
| BoA_0188 | 8/8/2008 | Michael & Colleen Pace | | | 2,000.00 * |
| BoA_0188 | 11/5/2008 | Michael & Colleen Pace | 1259 | (14,400.00) | |
| BoA_0188 | 5/20/2009 | Michael & Colleen Pace | | (17,280.00) | |
| BoA_0188 | 7/23/2009 | Michael & Colleen Pace | | (17,280.00) | |
| BoA_0188 | 10/26/2009 | Michael & Colleen Pace | | (17,280.00) | |
| | | **Michael & Colleen Pace Total** | | (132,640.00) | 70,000.00 |
| | | | | **(62,640.00)** | |
| | | Investment | | 70,000.00 | |
| | | Gain | | (62,640.00) | |

*These two amounts were not paid to Goldberg by Michael Pace. The only payment made by Michael Pace to Goldberg is the $50,000 on or about July 11, 2006 listed above.

Exhibit A-2

To the best of Michael Pace's knowledge, information and belief, the following members of
Michael Pace's family have received payments from the Goldberg Scheme:

Henry Pace: Not sure may have broke even.

Marcella Pace: Not sure May have broke even

Matthew Pace = has claim against bankruptcy lost money